UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:22-CR-76-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JUAN GOMEZ-PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 22 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Juan Gomez-Perez's guilty plea and adjudge him guilty of Count One of the Indictment (DE 8). *See* DE 23 (Recommendation); *see also* DE 26 (Plea Agreement). Judge Ingram expressly informed Gomez-Perez of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 23 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 23, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Indictment (DE 8); and

2. The Court will issue a separate sentencing order.[1]

This the 28th day of February, 2023.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] Judge Ingram remanded Gomez-Perez to custody post-plea, which preserved his status following arraignment. *See* DE 22 & DE 6. As such, Gomez-Perez will remain in custody pending sentencing, subject to intervening orders.